**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY EDWARD CIAVONE,

Plaintiff,

v.

DAVID ALLEN, *ET AL.*,

Defendants.
_____________________________________/

Case Number: 2:14-CV-11345

HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

## I. Introduction

Plaintiff Anthony Edward Ciavone, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). Plaintiff's claims relate to his 2004 conviction in Wayne County Circuit Court for first-degree premeditated murder. He alleges that defendants conspired to deny him his right to a competency hearing, a fair trial, and a fair sentence. Plaintiff names eighteen defendants, state court judges, state court clerical employees, prosecuting and defense attorneys, medical professionals, the warden of the prison where he is currently housed, and an assistant attorney general.[1] Plaintiff seeks monetary and injunctive relief. For the reasons which follow, the

[1] These last two listed defendants were added when Plaintiff filed an amended petition.

complaint is dismissed for failure to state a claim upon which relief may be granted.

## II. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is

required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III. Discussion

Plaintiff's complaint challenges the criminal proceedings leading to his present incarceration. He alleges that defendants conspired to deny him a fair trial and that the warden and assistant attorney general are perpetuating his unlawful confinement.

Plaintiff's claims are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87; *Wilkinson v. Dotson*, 544 U.S.

74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims concerning the validity of his criminal proceedings, his conviction and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must be dismissed. This dismissal is without prejudice.[2]

[2] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

## IV. Conclusion

The Court dismisses the complaint without prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because the claims are barred by *Heck v. Humphrey*.

SO ORDERED.

Dated: August 11, 2014

S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on August 11, 2014, the foregoing document was served on counsel of record via electronic means and upon Anthony Ciavone via First Class mail at the address below:

ANTHONY CIAVONE 317010
CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784

S/ J. McCoy
Case Manager